**Elisabeth O. CARRET, Plaintiff,**

v.

**WESTERN NUCLEAR, INC., Defendant.**

**No. 77 Civ. 4150 (CHT).**

United States District Court,
S. D. New York.

Sept. 16, 1977.

---

Edward Nathan, New York City, and Hale & Dorr, Boston, Mass. by Earle C. Cooley, Neil Jacobs, Boston, Mass., for plaintiff.

Debevoise, Plimpton, Lyons & Gates, New York City by Robert J. Geniesse, Paul E. Konney, Mary Jo White, New York City, for defendant.

TENNEY, District Judge.

Plaintiff Elisabeth O. Carret, a minority shareholder of Allied Nuclear Corporation ("Allied"), has moved this Court for an order preliminarily enjoining defendant Western Nuclear, Inc. ("Western") from selling its 87% majority interest in Allied to Federal-American Partners ("Federal-American"). Allied, a Wyoming corporation, holds undeveloped uranium claims in that state. Western, a wholly-owned subsidiary of Phelps Dodge Corporation, expects to close the' sale of its shares in Allied on September 23, 1977. In return for those shares and for 37 mining claims owned by Western, Western expects to receive approximately 750,000 pounds of uranium ore. The minority shareholders, while fully informed of the transaction by letter of July 20, 1977, have not received an offer to participate. For the reasons stated below, the motion for a preliminary injunction is denied.

In order to obtain a preliminary injunction, a plaintiff must demonstrate either a combination of irreparable injury and a likelihood of success on the merits or raise serious questions going to the merits and show that the balance of hardships tips in her favor. *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973). It is clear from the papers presented to the Court and from the argument of counsel that this burden has not been carried. First, the plaintiff has failed to establish irreparable injury or a balance of hardships in her favor. Any harm caused to the shareholders or to the corporation by the actions of Western may be adequately compensated for in damages. *See Tropic Film Corp. v. Paramount Pictures Corp.*, 319 F.Supp. 1247, 1255 (S.D.N.Y.1970). Indeed, the cases cited to the Court by plaintiff as establishing the rights of minority shareholders under these circumstances were actions for damages, not for injunctive relief. *E.g., Perlman v. Feld-*

*mann,* 219 F.2d 173 (2d Cir. 1955). (On remand, the district court in *Perlman* specifically computed the precise damages incurred by the minority shareholders. *Perlman v. Feldmann,* 154 F.Supp. 436 (D.Conn. 1957).) Furthermore, any future damage to Allied by Federal-American, which is purely speculative at this point and therefore inadequate for purposes of a preliminary injunction, *United Gas Corp. v. Pennzoil Co.,* 248 F.Supp. 448, 458–59 (S.D.N.Y.), *aff'd on opinion below,* 354 F.2d 1002 (2d Cir. 1965), will more properly be the subject of future actions, probably derivative in nature, charging waste of corporate assets or breach of fiduciary duty.

■ Second, this Court has serious doubts that the plaintiff will succeed on the merits and does not find that serious questions going to those merits have been raised. It is agreed that the law of Wyoming governs this case. Yet, as the parties agree, there is no case on point in Wyoming. Thus, the Court is asked to apply the law of California, Texas and New York. By "New York," the plaintiffs presumably intend the leading case in this circuit, *Perlman v. Feldmann, supra,* which sought to employ Indiana law. It is doubtful that the plaintiff could make out a case under *Perlman.* There, the dominant shareholder/director was found to have appropriated to himself, through the sale of his shares, corporate opportunities properly belonging to the corporation. Based on the facts presented to the Court, it seems unlikely that any corporate opportunity is being appropriated to Western through this sale or that the corporation will be deprived of any such opportunity in the future. If that is the case, however, Western may respond in damages to the plaintiff and other minority shareholders, as did the defendants in *Perlman.* Finally, this Court must resist the plaintiff's attempts to have a court far removed from Wyoming inject into the substantive law of that state the far-reaching policies of the California cases without a much greater indication that such would be the action of a Wyoming court.

The preliminary injunction is denied.

So ordered.